22-2753-cv
*Cruz v. 32BJ SEIU*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of February, two thousand twenty-four.

PRESENT:
>BARRINGTON D. PARKER,
>GERARD E. LYNCH,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

---

CARINA CRUZ,

>*Plaintiff-Appellant*,

>>v.                                         22-2753

32BJ SEIU,

>*Defendant-Appellee*,

KYLE BRAGG, ABM INDUSTRY GROUPS, LLC,

>*Defendants*.

---

FOR PLAINTIFF-APPELLANT:                   CARINA CRUZ, *pro se*, Ozone Park, NY.

FOR DEFENDANT-APPELLEE:                    ANDREW L. STROM, Office of the General Counsel, SEIU Local 32BJ, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 21, 2022, judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Carina Cruz brought this action against her union, SEIU Local 32BJ (the "Union"), based on the Union's decision not to arbitrate her workload grievances relating to the size of the office space she was required to clean, while taking the opposite approach to the grievances of a coworker who was not Hispanic. In the complaint, filed in December of 2019, she alleged, *inter alia*, unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 *et seq.* ("NYCHRL"); as well as violation of the Union's duty of fair representation under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*

2

At the conclusion of discovery, the Union moved for, and the district court granted, summary judgment. The district court determined that Cruz failed to show that the Union's stated reasons for declining to arbitrate her grievance—its assertion that her coworker's cleaning area was much larger than hers and its belief that arbitrating the coworker's claims[1] would set a stronger precedent—was pretextual, arbitrary, or taken in bad faith, or that the decision was otherwise motivated by discrimination. *See Cruz v. SEIU Loc. 32BJ*, No. 19 Civ. 11836 (LGS), 2022 WL 4367092, at *4–6 (S.D.N.Y. Sept. 21, 2022). Cruz subsequently appealed.[2] We assume the parties' familiarity with the underlying facts, the issues on appeal, and the procedural history, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review a grant of summary judgment *de novo*, and we view the evidence in the light most favorable to Cruz to assess "whether genuine issues of material fact preclude judgment as a matter of law." *Murphy v. Hughson*, 82 F.4th 177, 183 (2d Cir. 2023). A

---

[1] Ultimately, the Union withdrew the arbitration of the coworker's grievances in the aftermath of the COVID-19 pandemic.

[2] Earlier in the litigation, the district court dismissed several of Cruz's other claims. *See Cruz v. SEIU Loc. 32BJ*, No. 19 Civ. 11836 (LGS), 2021 WL 3604661 (S.D.N.Y. Aug. 12, 2021). Because Cruz's brief focuses on the district court's summary judgment decision, she has abandoned most challenges to its dismissal decision. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (observing that a *pro se* litigant abandons issues that she fails to brief). To the extent that Cruz challenges the district court's determination that her duty-of-fair-representation claims were untimely, we resolve those claims on the merits as set forth below.

3

genuine issue of material fact is one that could permit a reasonable jury to rule for the non-moving party. *See id.* at 183–84. Because Cruz has generally appeared *pro se* before the district court and before this Court, her submissions are liberally construed to raise the strongest claims and arguments they suggest. *See id.* at 186 n.6.

## I.     Unlawful Discrimination Under Title VII and NYSHRL

Title VII bars a Union from discriminating against its members because of, *inter alia*, race or national origin.[3]  *See* 42 U.S.C. § 2000e-2(c). Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), a plaintiff must first establish a *prima facie* case of Title VII discrimination "by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (internal quotation marks omitted). Once the plaintiff establishes a *prima facie* case, the burden shifts to the labor organization to offer "some legitimate, nondiscriminatory reason" for the differing treatment. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). If the labor organization offers such a reason for its actions, the burden shifts back to the plaintiff to demonstrate that the proffered reason was pretextual, or that race

---

[3] We have recognized that Title VII and NYSHRL discrimination claims are "analytically identical, applying the same standard of proof to both claims." *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008). As such, the reasoning in this section applies to both claims.

4

discrimination was still a motivating factor of the Union's decision. *See Holcomb v. Iona College*, 521 F.3d 130, 141–42 (2d Cir. 2008).

Here, no reasonable jury could find, based on the record evidence, that the Union's articulated reasoning was pretextual or that Cruz's race or national origin was a motivating factor in the Union's decision-making. As she did before the district court, Cruz challenges the methodology used to measure the cleaning area assigned to her and her coworker, respectively, and characterizes the Union's arbitration decision as outside the scope of its representational duty to her as a member. But the record reflects that Cruz was present for, and did not initially object to, the floor measurements. Nor is there a genuine issue of material fact as to the outcome of those measurements. Cruz acknowledged that the coworker's floor was the largest in the building, lending support to the Union's stated reason (supported by an affidavit from a Union attorney) for taking only the coworker's claim to arbitration.[4] Under the *McDonnell Douglas* framework, no reasonable jury could find that the Union's reason for declining to take the grievance to arbitration was pretextual or motivated by discrimination, and we additionally agree that

---

[4] Although Cruz points to a troubling incident in which a Union official referred to her in a text message as a "stupid Dominican" after a Union election, Appellant's Br. at 4, Cruz does not indicate how that statement was connected to the Union's arbitration decisions. To the contrary, Cruz conceded at her deposition that the official in question did not play a part in the grievance process, and Cruz did not assert that she thought that the arbitration decision was connected to the Union election.

the coworker was not an adequate comparator. *See Vega*, 801 F.3d at 83. Thus, the district court did not err in granting summary judgment to the Union under both Title VII and NYSHRL.

## II. Unlawful Discrimination Under NYCHRL

We have recognized that courts must analyze NYCHRL discrimination claims "separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Still, summary judgment is appropriate under the NYCHRL "if no reasonable jury could conclude either that the defendant's reasons were pretextual, or that the defendant's stated reasons were not its sole basis for taking action, and that its conduct was based at least in part on discrimination." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (internal citations and quotation marks omitted).

Even under this less demanding standard, Cruz's discrimination claim still fails. In light of the Union's nondiscriminatory justification as well as the lack of a connection between the racially-insensitive remark and the Union's decision not to arbitrate Cruz's grievance, no reasonable jury could find that the Union's decision was motivated, even in part, by discrimination. Accordingly, the district court did not err in granting summary judgment to the Union on the NYCHRL discrimination claim.

6

### III.    Fair Representation

Under the NLRA, the duty of fair representation is a "statutory obligation," demanding that a union "serve the interests of all members without hostility or discrimination . . . , to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).  The duty of fair representation is breached where a union's actions "with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Id.* at 388.

Here, the Union offered a clear explanation for why its decision was neither arbitrary nor taken in bad faith.  Cruz rejected the Union's stated reasoning, but offered no evidence supporting her assertion that the Union pursues fewer arbitration grievances raised by Hispanic workers than it does for non-Hispanic workers.   Accordingly, no reasonable jury could conclude that the Union's decision was arbitrary, irrational, or taken in bad faith, and the district court did not err in granting summary judgment on this basis.

*        *        *

7

We have considered Cruz's remaining arguments and conclude that they are without merit.  For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court